IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                          1:18-CR-02634 WJ

JOSHUA J. TINSLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S SUPPLEMENTAL MOTION TO REDUCE SENTENCE
## UNDER 18 U.S.C. §3582 AND FIRST STEP ACT OF 2018

THIS MATTER comes before the Court upon Defendant's *pro se* "Supplemental Motion to Reduce Sentence Under 18 U.S.C. §3582 and First Step Act of 2018, filed March 29, 2022 **(Doc. 143)**. Having reviewed Defendant's motion, the Court finds no need to consider a response by the Government and hereby denies the motion.

### BACKGROUND

On August 14, 2018, Defendant was indicted under 21 USC §§ 841(A)(1) and (B)(1)(a) for possession with intent to distribute more than 500 grams of methamphetamine. Doc. 78 at 1. On August 15, Defendant pled guilty and accepted a ten-year sentence under Fed. R. Crim. P. 11(c)(1)(C). *Id*. at 2.

On November 2, 2020, Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He requested compassionate release on the grounds that he suffers from sleep apnea and one of his girlfriend's children suffers from bone degeneration. The Court denied the motion on February 1, 2021 as well as Defendant's subsequent motion to reconsider, Docs. 91 & 100.

Defendant recently a "Supplemental Discovery for Compassionate Release" which the Court construes as a motion due to Defendant's *pro se* status. Defendant claims that he has "newly obtained" medical records regarding his sleep apnea to support his request for compassionate release and that this proves that his sleep apnea was a pre-pandemic issue and not "illusory." The Court finds these medical records offer nothing new either in terms of evidence or changes to Defendant's medical status and so will deny the motion.

## DISCUSSION

### I.  Denial of Defendant's First Motion for Compassionate Release

The Court has already carefully analyzed Defendant's initial request for compassionate release, and Defendant offers no information to justify a complete repetition of the exercise. In short, an analysis pursuant to §3582 requires a consideration of (1) administrative exhaustion; (2) the substantive requirements of §3852(c); (3) whether Defendant is a danger to the community; and (4) the factors under 18 U.S.C. §3553(a).

In denying Defendant's first motion, the Court did not specifically decide whether Defendant had exhausted administrative rights because the motion failed on substantive grounds. The Court found that Defendant's sleep apnea did not qualify as an "extraordinary and compelling" medical condition under §3582(c)(1)(A)(i) because it did not "substantially diminish" Defendant's ability to "provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[1] *See* USSG § 1B1.13, cmt. n.1(A). Defendant claimed that his sleep apnea was an "extraordinary and compelling reason" under the statute because his breathing conditions may exacerbate the symptoms of COVID-19 if the virus

---

[1] The Court acknowledges that it is no longer bound by the BOP policy statement, USSG § 1B1.13, cmt. n.1, under *U.S. v. Maumau,* 993 F.3d 821 (10th Cir. 2021), but the Court has historically regarded the policy statement as an appropriate model upon which to base compassionate release cases. *See U.S. v. Pinson*, 835 F. App'x 390, 394 (10th Cir. 2020) (even if policy statement no longer binds federal courts, courts "have continued to refer to it in deciding challenges related to §3852(c)(1).

is contracted. The Court noted that this argument ran afoul of the plain language of the policy statement set forth by the Sentencing Commission which is written in the present tense and thus was a purely speculative contention. *See* USSG §1B1.13, cmt. n.1(A)(ii) (The defendant *is* suffering" from a condition "that substantially *diminishes*" his ability to provide self-care) (emphasis added); *see* Doc. 91, Order Denying Motion ("Therefore, because Defendant's present condition has not hindered his self-care capabilities absent a COVID-19 infection, the Court would have to come to the conclusion that Defendant's ability to provide self-care has been diminished as a mere result of the anxiety that COVID-19 may affect him unusually in order to grant his request"). The Court also found that Defendant had not presented any other reason under the catch-all provision of §1B1.13 to find an "extraordinary and compelling" medical condition to justify compassionate release. § 1B1.13, cmt. n.1(D).

Defendant's motion was also denied based on a consideration of certain factors under §3553(a), and on the ground that Defendant had not presented enough evidence for the Court to find that Defendant does *not* pose a danger to the community under §1B1.13.(2). Doc. 91 at 7-8.

**II.   Defendant's "Supplemental Motion"**

In his new motion, Defendant offers medical records which purportedly should persuade the Court to grant compassionate release. Based on a review of the "records" attached to Defendant's motion, the Court finds they do nothing of the kind.

One exhibit is a progress note with an unspecified date stating that Defendant took naproxen for pain in his right leg and which was upsetting his stomach. Doc. 143 at 5. Defendant also includes a sick call request, again regarding his leg pain and a note stating that the naproxen was "interfering with sleep." Doc. 143 at 7.

3

These records reflect the extent of Defendant's "Supplemental Discovery," and based on these "newly obtained" medical records, the Court finds no reason to grant compassionate release. Defendant's motion is therefore DENIED.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE